## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KENNETH SMITH and CHERYL          )
POWELL GRASS,                     )
                                  )
            Plaintiffs,           )
                                  )
vs.                               )          Case No. CIV-05-1181-F
                                  )
JET SERVICE ENTERPRISES, INC.,    )
WYNDEL BLAKEMORE and              )
STEVE DWERLKOTTE,                 )
                                  )
            Defendants.           )

## O R D E R

Before the court is Defendants' Partial Motion to Dismiss, filed November 1, 2005 (doc. no. 10). Plaintiffs have responded to the motion, and defendants have thereto replied. Upon due consideration of the parties' submissions, the court makes its determination.

In their motion, defendants seek to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiffs' claims against defendants for wrongful discharge under Burk v. K-Mart, 770 P.2d 24 (Okla. 1989), and plaintiffs' claims against defendants, Wyndel Blakemore ("Blakemore") and Steve Dwerlkotte ("Dwerlkotte"), for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. These claims are alleged in Count I of plaintiffs' complaint. As to the Burk claims against defendant, Jet Service Enterprises, Inc. ("Jet Service"), defendants contend that the Oklahoma Supreme Court's decisions in Clinton v. State ex. rel. Logan County Election Bd, 29 P.3d 543 (Okla. 2001), and List v. Anchor Paint

Mfg. Co., 910 P.2d 1011 (Okla. 1996), are fatal to the claims because plaintiffs have an adequate federal statutory remedy for wrongful discharge under the ADEA. Defendants also assert that the Burk claims against Blakemore and Dwerlkotte, are flawed because these defendants are not plaintiffs' employer and the Burk tort lies only when an employer, by wrongful discharge of an at-will employee, violates an Oklahoma public policy goal that is clearly articulated in existing Oklahoma law. As to the ADEA claims against Blakemore and Dwerlkotte, defendants argue that plaintiffs cannot maintain such claims because individual capacity suits are improper under the ADEA.

Defendants, in their motion, additionally seek to dismiss under Rule 12(b)(6) the tortious interference claims alleged against Blakemore in Count III. Defendants contend that plaintiffs, in Count III, seek damages against Blakemore because Blakemore wrongfully terminated plaintiffs on the basis of their age and to prevent the vesting of their retirement benefits. Defendants contend that these tortious interference claims are preempted by the ADEA and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*[1] Defendants also argue that dismissal of these claims is appropriate because Blakemore is not a third-party to plaintiffs' at-will employment relationship with Jet Service and third party status is required to support a claim for tortious interference.

In response, plaintiffs assert that the issue of whether a state-law remedy for age discrimination exists has been certified to the Oklahoma Supreme Court and the court should not dismiss any state law claims when a dispositive order from the Court should be announced prior to trial. Moreover, plaintiffs claim that the issue they have presented is not a Burk-tort but an implied statutory remedy under the Oklahoma

---

[1]In Count II of the complaint, plaintiffs allege claims for wrongful interference with the vesting and the exercise of their rights under ERISA.

Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, § 1101, *et seq.*, arising out of Oklahoma's constitutional public policy requiring equal statutory remedies from all members of the same class.  Plaintiffs contend that they have more than a merely colorable argument in support of their state law claims.  In light of the pendency of the issue before the Oklahoma Supreme Court, plaintiffs urge the court to hold the matter in abeyance until a decision has been made by the Court.  Plaintiffs also argue that they are entitled to proceed with the implied statutory remedy claims against the individual defendants because the OADA is worded differently from the federal discrimination laws and plainly provides for liability as to both the employer and the discriminating agents.

As to the ADEA claims against the individual defendants, plaintiffs deny that they allege such claims.  Plaintiffs contend that dismissal is not appropriate with respect to the tortious interference claims, arguing that the claims are not preempted by the ADEA or ERISA.  They also argue that Blakemore is indeed a third-party to plaintiffs' employment relationship and may be held liable for tortiously interfering with that relationship.

Defendants, in reply, contend that plaintiffs have not pled claims for implied statutory remedies under the OADA.  Moreover, defendants assert that no Oklahoma court has ever recognized that an employee may maintain a claim under the OADA for age discrimination under the theory that the OADA implies a private right of action and remedies for such discrimination.  Citing Sims v. Halliburton Co., 1999 WL 495629 (10th Cir. July 14, 1999), defendants contend that the Tenth Circuit has specifically rejected the arguments made by plaintiffs in support of such a claim.  Defendants assert that the court need not hold their motion in abeyance since the Oklahoma Supreme Court has specifically ruled in Clinton and List that a Burk tort will not lie for age discrimination and no Oklahoma court has ever recognized an

3

implied statutory remedy for age discrimination under the OADA.  In regard to the tortious interference claims, defendants again urge that the claims are preempted by the ADEA and ERISA.  However, even if the court were to conclude to the contrary on the preemption issues, defendants assert that the claims are still subject to dismissal because the facts, as alleged, do not transform Blakemore into a third party to plaintiffs' employments contracts.

Upon review, the court concurs with defendants that plaintiffs have not pled claims for implied statutory remedies under the OADA for age discrimination.  In the complaint, plaintiffs allege that they are bringing "a public policy wrongful termination claim."  *See*, Complaint, ¶21.  A public policy wrongful termination claim is a <u>Burk</u> tort claim.  Because plaintiffs have not alleged claims for implied statutory remedies under the OADA, the court declines to address the viability of such claims. Should the Oklahoma Supreme Court answer the certified question prior to the resolution of this case and conclude that an implied statutory remedy for age discrimination exists under the OADA, plaintiffs may file a motion requesting permission to amend their complaint to allege such a claim.

The court adopts its prior rulings in <u>Henricksen v. Jet Service Enterprises, Inc.</u>, Case No. CIV- 04-1169-F, in regard to the <u>Burk</u> claims.  The court concludes that the <u>Clinton</u> and <u>List</u> decisions are fatal to the <u>Burk</u> claim against Jet Service.  And concurring with the ruling of the Honorable Robin Cauthron in <u>Higgins v. Bob Moore Auto Group, Oklahoma, et al.</u>, Case No. CIV-01-1603-C (December 28, 2001), the court concludes that the narrow parameters of the <u>Burk</u> tort do not encompass the discriminatory actions of the individual corporate employees.  Therefore, dismissal of the <u>Burk</u> claims in Count I against all defendants is appropriate.

As to the ADEA claims against the individual defendants, plaintiffs have represented that they assert no such claims.  The court therefore concludes that defendants' motion is moot in regard to such claims.

In regard to the tortious interference claims in Count III, the court again concludes that it would be more appropriate to review the tortious interference claims at the summary judgment stage under Rule 56, Fed. R. Civ. P., with the benefit of a fully developed record as to these claims.  The court agrees with Blakemore that, as a prerequisite to his liability for tortious interference with plaintiffs' at-will employment relationship, plaintiffs must show that he acted in bad faith and contrary to the interests of Jet Service in tampering with that relationship.  *See*, <u>Martin v. Johnson</u>, 975 P.2d 889, 896-97 (Okla. 1998); *see also*, <u>Brown v. State Farm Fire and Cas. Co.</u>, 58 P.3d 217, 223 (Okla. Ct. App. 2002) (citing <u>Martin</u>, "Although an agent or employee of a principal can be held liable for tortious interference with a contract between the principal and a third party where the agent or employee acts outside the scope of his agency or employment, [insured] has made no such claim here . . . Because [adjuster] was acting as an agent of [insurer] in carrying out the fire investigation, it cannot, absent an allegation that it was acting outside the scope of its agency, be liable to [insured] for tortious interference with [insured's] insurance contract with [insurer].")

At paragraph 27 of the Complaint, plaintiffs allege that "Blakemore was not acting to serve any legitimate or lawful interest of [Jet Service], but was pursuing his own personal motives which included hostility toward the Plaintiffs due to age and personal disregard for Plaintiffs' state and federally protected rights" and at paragraph 28, he further alleges that "Blakemore's actions, in addition to not being legitimate, were not justified or privileged."  The court concludes that the Complaint, as pled, is sufficient to withstand dismissal under Rule 12(b)(6).  The court concludes that the

factual basis for the tortious interference claims should be explored, particularly since discovery shall proceed as to the ADEA and ERISA claims.  Discovery as to Blakemore's actions is relevant to all claims alleged in this case.  After the record has been developed, the court will be in a position to address the tortious interference claims on summary judgment.  Once the parties have explored the factual basis for the tortious interference claims, it may be unnecessary for the court to address the thorny preemption issues, as to which there is no clearly controlling authority involving factual circumstances similar to this case.  The tortious interference claim appears to be in conflict with the ERISA and ADEA claims, as plaintiffs seek to impose liability on Jet Service under ERISA and ADEA for the conduct of Blakemore, while the tortious interference claim is premised on Blakemore acting in bad faith and contrary to Jet Service's interest.  While plaintiffs may plead inconsistent theories, Rule 8(e), Fed. R. Civ. P., they may not be entitled to recover damages for both (assuming the tortious interference claim is not preempted and/or recognized under Oklahoma law).  Therefore, the court concludes that the motion should be denied without prejudice to consideration of the issues at the summary judgment stage.  Plaintiffs shall be permitted to conduct discovery in regard to the claim, except that discovery as to Blakemore's financial condition, if sought only as relevant to the claim for punitive damages, will not be permitted.

Accordingly, based upon the foregoing, Defendants' Partial Motion to Dismiss, filed November 1, 2005 (doc. no. 10), is **GRANTED in part** and **DENIED in part**.

The motion is **GRANTED** to the extent it seeks to dismiss plaintiffs' claims against defendants in Count I of the Complaint for wrongful discharge under Burk v. K-Mart, 770 P.2d 24 (Okla. 1989).

The motion is **DENIED** as **MOOT** to the extent it seeks to dismiss plaintiffs' claims against defendants, Wyndel Blakemore and Steve Dwerlkotte, for

discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

The motion is also **DENIED** to the extent it seeks to dismiss the tortious interference claim against defendant, Wyndel Blakemore, in Count III of the Complaint.

Entered this 30th day of December, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1181p002(pub).wpd