**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH SMITH and CHERYL POWELL GRASS,  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>JET SERVICE ENTERPRISES, INC.,  )<br>WYNDEL BLAKEMORE and  )<br>STEVE DWERLKOTTE,  )<br>)<br>Defendants.  ) | Case No. CIV-05-1181-F |

**O R D E R**

Before the court is Plaintiffs' Application to Amend the Complaint, filed January 13, 2006 (doc. no. 25). In their motion, plaintiffs request leave to amend their complaint in two ways: (1) to allege a "state law claim of age discrimination arising as an implied remedy" for violation of the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, § 1101, *et seq*., and (2) to dismiss "[Steve] Dwerlkotte as a Defendant in this action." *See*, Plaintiffs' application, p. 1. Defendants object to the application only insofar as it requests leave to allege a claim under the OADA for age discrimination on the basis that the OADA implies a private right of action and statutory remedies for victims of age discrimination.

On November 1, 2005, defendants moved to dismiss plaintiffs' claims against defendants for wrongful discharge under Burk v. K-Mart, 770 P.2d 24 (Okla. 1989). Plaintiffs responded that they had not presented Burk tort claims, but were instead alleging implied statutory remedies under the OADA for age discrimination, arising

out of Oklahoma's constitutional public policy requiring equal statutory remedies for all members of the same class. In its December 30, 2005 order addressing defendants' motion, the court concluded that plaintiffs had not pled claims for implied statutory remedies under the OADA for age discrimination. The court therefore did not address the viability of the claims. Instead, the court advised plaintiffs that if prior to the resolution of this case, the Oklahoma Supreme Court should answer the certified question currently before it and conclude that an implied statutory remedy for age discrimination exists under the OADA, plaintiffs may file a motion requesting permission to amend their complaint to allege such a claim.

Although the Oklahoma Supreme Court has not yet concluded that an implied remedy for age discrimination exists under the OADA, plaintiffs nonetheless seek (in compliance with the court's scheduling order for filing such motion) to amend their complaint time to allege such a claim. The court, however, concludes that plaintiffs' application should be denied. The Oklahoma Supreme Court has not recognized such a claim and the Tenth Circuit has specifically rejected such a claim. *See*, Sims v. Halliburton Co., 1999 WL 495629 *10 (10th Cir. July 14, 1999)[1]. The court therefore concludes that the amendment would be futile and plaintiffs' application should be denied on that basis. *See*, Jefferson County School Dist. R-1 v. Moody's Investor's Services, 175 F.3d 848, 859 (10th Cir.1999)("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") However, the court stands by its earlier statement that if the Oklahoma Supreme Court should in fact conclude that such claim

---

[1]This unpublished Tenth Circuit opinion is cited for its persuasive value pursuant to 10th Cir. R. 36.3(B).

exists prior to the resolution of this case, plaintiffs may file a motion to seek leave to amend their complaint to allege such a claim.

As defendants do not object to plaintiffs' amending the complaint to dismiss Steve Dwerlkotte as a defendant, the court will, by this order, dismiss Mr. Dwerlkotte as a defendant. No amendment is necessary.

Accordingly, based upon the foregoing, Plaintiffs' Application to Amend the Complaint, filed January 13, 2006 (doc. no. 25), is **DENIED**. Steve Dwerlkotte is **DISMISSED** from this action as a defendant.

Entered this 19th day of January, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1181p004(pub).wpd